**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-31107

CONTICARRIERS AND TERMINALS, INC., ET AL,

Plaintiffs,

VERSUS

VENFLEET, LTD., ET AL,

Defendants

VENFLEET, LTD; HANSEATIC SHIPPING COMPANY, LTD; M/T EOS,
her engines, tackle, apparel, furniture, etc., in rem,

Third Party Plaintiffs - Appellants,

VERSUS

CENAC TOWING COMPANY, INC.,

Third Party Defendant - Appellee

CITY OF NEW ORLEANS, ETC.,

Plaintiff,

VERSUS

VENFLEET, LTD., ET AL,

Defendants

VENFLEET, LTD.; HANSEATIC SHIPPING COMPANY, LTD.; M/T EOS
her engines, tackle, apparel, furniture, etc., in rem,

Third Party Plaintiffs - Appellants,

VERSUS

CENAC TOWING COMPANY, INC.,

Appeal from the United States District Court
for the  Eastern District of Louisiana
94-CV-727

December 1, 1997

Before  GARWOOD, DUHÉ, AND DeMOSS, Circuit Judges

PER CURIAM:[1]

In its third attempt to obtain a summary judgment, third-party defendant Cenac Towing Company, Inc. ("Cenac") achieved success. Upon review, we determine that genuine issues of material fact still exist. Regrettably, the third time is not the charm for Cenac.

I.

On February 22, 1994, the M/T EOS ("EOS"), traveling downriver on the Mississippi River, allided with the Orleans Parish water intake wharf and then struck barges owned by plaintiff ContiCarriers and Terminals, Inc. ("ContiCarriers"), near the Carrollton Bend of the river at Nine Mile Point ("Carrollton Bend"). ContiCarriers sued Venfleet, Ltd., and Hanseatic Shipping Co., Ltd. (collectively "Appellants"), the owners and operators of the EOS for damages to its barges and cargo. The Appellants denied liability and filed a third party complaint against Cenac Towing Co., Inc. ("Cenac"), asserting that the allision was caused when a

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published ad is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

tugboat operated by Cenac, while pushing two "red flag" barges across the river, "embarrassed" the navigation of the EOS and caused her to allide with the wharf and the ContiCarrier barges. Cenac answered, asserting that the AMMIE CENAC was not in the Carrolton Bend area at the time of the accident and that the accident was instead caused by the faulty navigation of the EOS' river pilot.

The district court denied Cenac's first two motions for summary judgment, finding there were disputed factual issues remaining. Its third motion relied on evidence presented in the earlier motions as well as deposition excerpts from its tugboat captain, Joseph Trosclair, ("Trosclair") and the relief captain, Paul Robin, both of whom claimed no personal recollection of the alleged event. The Appellants relied on previously submitted evidence, introducing no new evidence in opposition to this third motion for summary judgment. Rather, they argued that the two deposition excerpts proved nothing new and pointed to the AIMEE CENAC's log, already in evidence, which Trosclair admitted did not show all alterations of the boat's speed. Appellants contended that simple calculations based on time and location points preceding the accident could well place the tug at the Carrollton Bend site at the time of the accident.

We agree with Appellants that the evidence before the district court on the third motion for summary judgment did not dispel factual disputes and that a genuine issue exists as to the location

3

of the AMMIE CENAC at the time of the accident. We hold that the district court applied an incorrect standard in examining the evidence before it and improperly granted Cenac's motion.

## II.

We review <u>de novo</u> an appeal from an entry of summary judgment. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion. <u>Anderson V. Liberty Lobby</u>, 477 U.S. 242, 255 (1986).

## III.

It is clear from its opinion that the district court has engaged in weighing evidence. The court's order granting summary judgment included the statement "...Cenac provided expert testimony to prove that the tug was well beyond the point where the alleged embarrassment occurred." Appellants, however, pointed to the AIMEE CENAC's log indicating that earlier notations of time and locations that day could be interpreted to place the tug at the

4

allision site at the proper time and to Cenac statements that reduction in speed over periods shorter than 30 minutes were not recorded. The district court accepted Cenac's evidence and rejected the Appellants'. The court failed to regard facts presented in the light most favorable to the nonmovants and impermissibly weighed the evidence and resolved a factual dispute in a summary judgment proceeding.[2]

In response to Cenac's motion, the Appellants came forward with their own evidence, previously submitted, establishing the element in dispute - the location of the AIMEE CENAC at the time of the allision.[3] Additionally, the Appellants also point to inconsistencies in the evidence offered by the movants that establish a disputed material fact.[4] That the log is subject to more than one interpretation is an inconsistency sufficient to preclude summary judgment.

Material facts regarding a second issue, whether the tug that allegedly caused the allision was a Cenac tug, also remain in dispute. The EOS pilot recalls a tug with two red flag barges; a vessel upstream from the EOS described it as a Cenac tug bearing the Cenac colors. The traffic logs that day indicate a Cenac vessel moving upstream on the river pushing either one or two red

---

[2]See International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264 (5th Cir. 1991).

[3]Id.

[4]Id. at 1263-64.

5

flag barges.  Cenac admits that the AIMEE CENAC, pushing two red flag barges, was on the river that day.  Her log reflects no incident; her captain has no personal recollection of an incident; her relief pilot was asleep during the time in question.  The EOS pilot indicated the embarrassing tug was being tied off at T. T. Barge Cleaning, Inc., as he entered the Carrollton Bend area, but an official at the facility confirmed that his records showed no Cenac vessel present on that day.  The tug's log reflects no tie-up.  A photograph taken by a ContiCarrier employee from 10 to 20 minutes after the accident shows a red and white tug pushing what could be a crane barge; no red flag barges, however, are visible in the shot.  Cenac denies pushing a crane barge that day.  These differences reflect factual disputes that are not to be resolved on summary judgment.

Summary judgment does not require a movant to prove his case; he must demonstrate there is "no genuine issue of material fact." The non-movant is not charged with refuting the defendant's proof - in this case that there was no Cenac tug involved in this incident. The Appellants' burden is only to direct the court's attention to evidence in the record, and when all inferences are drawn in their favor, show that a reasonable jury could arrive at a verdict in that party's favor.[5]  We hold that the Appellants have submitted evidence that establishes the existence of genuine issues of fact -

---

[5]Anderson v. Liberty Lobby, Inc., 477 U.S. at 252.

whether the AIMEE CENAC was the vessel present at Carrollton Bend at the time of the accident.  The granting of summary judgment was improper.  We reverse and remand.


REVERSED AND REMANDED.